IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:18-cr-145-SI |
| v. | **OPINION AND ORDER** |
| **JAMES KEENAN**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Before the Court is Defendant James Keenan's Motion for Compassionate Release, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Mr. Keenan filed this motion on December 17, 2020 (ECF 64). He asks the Court to reduce his sentence to time served or, alternatively, to convert the remainder of his sentence to home detention. As amended by the First Step Act, the compassionate release statute allows courts to reduce a sentence for "extraordinary and compelling" reasons.

Mr. Keenan pleaded guilty to one count of coercion and enticement, in violation of 18 U.S.C. § 2422(a). On July 9, 2019, the Court sentenced Mr. Keenan to a term of imprisonment of 60 months, based on a joint recommendation from both the Government and Mr. Keenan. The Court also ordered that Mr. Keenan's period of imprisonment be followed by three years of

supervised release. The Bureau of Prisons (BOP) has scheduled Mr. Keenan's release date for December 20, 2023. Mr. Keenan entered federal custody on this offense in September 2019. Thus, including credit for good conduct while incarcerated, Mr. Keenan has completed approximately 33 percent of his sentence.

Mr. Keenan is a caucasian male, age 50. He suffers from asthma, hypertension, obesity (with a BMI of 35), obstructive sleep apnea, anemia, peptic ulcer disease, and paroxysmal atrial fibrillation. Collectively, these conditions place Mr. Keenan at an increased risk of severe illness or death from COVID-19.

Mr. Keenan currently is incarcerated at the Federal Correctional Institution (low security) at Sumterville, Florida (FCI Coleman Low). As of February 28, 2021, the BOP reports 1 inmate and 23 staff currently testing positive for COVID-19, 194 inmates and 14 staff having recovered from COVID-19, and 1 inmate and 1 staff having died from COVID-19. *See* https://www.bop.gov/coronavirus/ (lasted visited February 28, 2021).

On June 24, 2020, Mr. Keenan submitted a request for compassionate release to the warden at FCI Coleman Low. The warden denied Mr. Keenan's request on July 13, 2020. The Government agrees that Mr. Keenan has exhausted his administrative remedies but opposes Mr. Keenan's motion on the merits. For the following reasons, the Court denies Mr. Keenan's motion for compassionate release.

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824-25 (2010). Congress, however, has authorized a district court to modify a defendant's sentence in three limited circumstances: (1) when granting a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A); (2) when expressly permitted by statute or Rule 35 of the Federal Rules of

Criminal Procedure; or (3) when a defendant has been sentenced based on a sentencing range

that later has been lowered by the United States Sentencing Commission (USSC). 18 U.S.C.

§ 3582(c)(1). The motion before the Court seeks compassionate release.

Before 2018, § 3582(c)(1)(A) required that a motion for compassionate release be

brought only by the BOP. The First Step Act (FSA), Pub. L. No. 115-391, 132 Stat. 5194

(Dec. 21, 2018), amended § 3582 to authorize courts to grant a motion for compassionate release

filed by a defendant. A defendant, however, may only bring a motion for compassionate release

after: (1) petitioning the BOP to make such a motion on the defendant's behalf; and (2) either

(a) the defendant has exhausted all administrative appeals after the BOP denied the defendant's

petition or (b) thirty days has elapsed after the warden of the defendant's facility received the

defendant's petition, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).[1]

Compassionate release under § 3582(c)(1)(A) authorizes a court to modify a defendant's

term of imprisonment if the court finds that two conditions have been satisfied. The first is that

"extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

The second is that "such a reduction is consistent with applicable policy statements issued by the

Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The USSC policy statement for reducing a

term of imprisonment under § 3582(c)(1)(A) is found in the United States Sentencing Guidelines

Manual (USSG) at § 1B1.13. That policy statement explains the phrase "extraordinary and

---

[1] The United States Courts of Appeal for the Fifth and Sixth Circuits have held that a defendant's failure to satisfy this administrative exhaustion requirement does not deprive a court of subject-matter jurisdiction; instead, this is a mandatory claim-processing rule that binds a court when properly asserted by the Government and not forfeited. *See United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020); *United States v. Franco*, 973 F.3d 465, 467-68 (5th Cir. 2020) (agreeing with *Alam*). The Ninth Circuit has not yet addressed this issue.

compelling reasons." USSG § 1B1.13(1)(A) and cmt. 1. Four out-of-circuit federal appellate courts, however, have held that § 1B1.13 does not apply to a motion filed by a defendant.[2]

Section 3582(c)(1)(A) also directs a district court to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. The factors under § 3553(a) include: the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed training, medical care, or other treatment in the most effective manner. 18 U.S.C. § 3553(a). Thus, in resolving a motion for early release from incarceration brought under § 3582(c)(1)(A)(i), a district court must be sensitive to the factors in § 3553(a), including the protection of the public.

Compassionate release is "rare" and "extraordinary," and courts routinely deny such claims. *United States v. Mangarella*, 2020 WL 1291835, at *2–3 (W.D.N.C. Mar. 16, 2020) ("[A] compassionate release . . . is an extraordinary and rare event.") (citation omitted). A defendant bears the burden to show special circumstances meeting the high bar set by Congress for compassionate release. *See United States v. Greenhut*, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (holding that a defendant bears the burden of establishing entitlement to

---

[2] In *United States v. Brooker*, 976 F.3d 228, 235-36 (2d Cir. 2020), the Second Circuit held that USSG § 1B1.13 is not applicable, and therefore not binding, as to motions filed by a defendant because that section has not been updated since the First Step Act expanded the compassionate release statute to permit defense-filed motions. The Second Circuit explained that the policy statement "is clearly outdated" because it still requires a "motion of the Director of the Bureau of Prisons." *Brooker*, 976 F.3d at 235. The Fourth, Sixth, and the Seventh Circuits agree with the Second Circuit on this point. *See United States v. McCoy*, 981 F.3d 271, 281-82 (4th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1110 (6th Cir. Nov. 20, 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. Nov. 20, 2020). The Ninth Circuit has not yet addressed this issue.

sentencing reduction and citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)). As other district courts have noted: "To be faithful to the statutory language requiring 'extraordinary and compelling reasons,' it is not enough that Defendant suffers from . . . chronic conditions that [he] is not expected to recover from. Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." *United States v. Ayon-Nunez*, 2020 WL 704785, at \*2–3 (E.D. Cal. Feb. 12, 2020) (rejecting a claim for compassionate release from a defendant suffering from severe back injuries and epilepsy) (brackets in original) (quoting *United States v. Weidenhamer*, 2019 WL 6050264, at \*5 (D. Ariz. Nov. 8, 2019)). A court also must consider the sentencing factors under § 3553(a), to the extent they are applicable. *See* § 3582(c)(1)(A).

The Court agrees with Mr. Keenan that he faces an increased risk of severe illness or death from COVID-19. The Court, however, also notes that BOP reports that FCI Coleman Low, where Mr. Keenan is incarcerated, currently has only one inmate testing positive for COVID-19. Before granting compassionate release, however, a district court must consider all pertinent circumstances, including the sentencing factors described in § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A).

In March 2018, Mr. Keenan sought out the minor victim, through a Backpage.com advertisement, for the purpose of soliciting her for prostitution. The minor victim originally told Mr. Keenan that she was 19, and Mr. Keenan engaged in sex acts with her. Eventually, Mr. Keenan learned that the minor victim was 17, but he continued the relationship. The minor victim later told law enforcement that Mr. Keenan repeatedly told her he thought she was 16, that she looked 12, and that he was going to get arrested for having sex with a minor.

Law enforcement eventually identified the minor victim and learned about her relationship to Mr. Keenan. Law enforcement, with the minor victim's permission, assumed her identity to continue the on-going discussions she was having with Mr. Keenan. Law enforcement confirmed that Mr. Keenan knew the minor victim was 17. An undercover law enforcement detective eventually set up a "date" with Mr. Keenan, and he was arrested when he traveled to Oregon for that "date."[3] The Court concludes that Mr. Keenan has not met the high bar set by Congress for compassionate release.

## CONCLUSION

The Court has considered all relevant factors for compassionate release and denies Mr. Keenan's Motion for Compassionate Release (ECF 64).

**IT IS SO ORDERED.**

DATED this 1st day of March, 2021.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge

---

[3] Mr. Keenan asserts that the minor victim's mother is culpable for leading minor victim to prostitution. That does not, however, relieve Mr. Keenan of his responsibility.